1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMIN ABAZARI,<br><br>Plaintiff,<br><br>v.<br><br>ROSALIND FRANKLIN UNIVERSITY OF MEDICINE AND SCIENCE,<br><br>Defendant. | CASE NO. 16cv1329-GPC(JLB)<br><br>**ORDER:**<br><br>**1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br>**[Dkt. No. 2]**<br><br>**(2) *SUA SPONTE* DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION** |

On June 2, 2016, Plaintiff Armin Abazar ("Plaintiff"), proceeding pro se, filed a complaint against Defendant Rosalind Franklin University of Medicine and Science, located in North Chicago, Illinois. (Dkt. No. 1.) Plaintiff concurrently filed a motion to proceed *in forma pauperis* ("IFP"). (Dkt. No. 2.) Based on the reasoning below, the Court GRANTS Plaintiff's motion to proceed IFP and *sua sponte* DISMISSES Plaintiff's complaint.

## Discussion

### A.    Motion to Proceed *In Forma Pauperis*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee

[16CV1329-GPC(JLB)]

of $400. See 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to § 1915(a). See Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007); Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).   The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1).

Here, Plaintiff submitted an affidavit reporting that he has not received any income from employment during the past twelve months. (Dkt. No. 2 at 1-2.) Plaintiff reports no real property, savings, or checking account and has $0 in cash. (Id. at 2-3.) He owns a 2003 GMC Yukon that he guesses to be valued around $3000. (Id. at 3.) He has expenses of around $40, and credit card debt in the amount of $170. (Id. at 4.) Based on the affidavit, the Court GRANTS Plaintiff's motion for leave to proceed IFP.

## B.    Sua Sponte Dismissal for Lack of Subject Matter Jurisdiction

It is well-established that a federal court cannot reach the merits of any dispute until it confirms that it retains subject matter jurisdiction to adjudicate the issues presented.  See Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 94-95 (1998). Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire sua sponte whenever a doubt arises as to [its] existence . . . ." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977)  (citations omitted).

Federal courts are courts of limited jurisdiction.  Unlike state courts, they have no 'inherent' or 'general' subject matter jurisdiction.  They can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate, i.e. those involving diversity of citizenship, a federal question, or to which the United States is a party.  See Finley v. United States, 490 U.S. 545 (1989).  Federal courts are

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. Id.

1  presumptively without jurisdiction over civil actions and the burden of establishing the

2  contrary rests upon the party asserting jurisdiction.  See Kokkonen v. Guardian Life

3  Ins. Co., 511 U.S. 375, 377 (1994).

4        Plaintiff's complaint is essentially styled a "motion to vacate state orders." (Dkt.

5  No. 1 at 1, 5[2].)  Specifically, he seeks relief from the "State Appellate Order on June

6  29, 2015 (Ex. O), State Circuit Order August 27, 2014 (Ex. P) pursuant to Federal Rule

7  of Civil Procedure 60(b)(4), 60(b)(3) and 60(b)(6)." (Id. at 5.) These orders were filed

8  in the Illinois state courts.  He alleges that Defendant is selling "illegal and substandard

9  educations to drive students into large debts that these institutional know students can't

10 repay." (Id. at 7.)   After graduating from Dr. William M. Scholl College of Podiatric

11 Medicine ("College"), Plaintiff was unable to be placed in a residency program.

12 Relying on statements in the College's catalog that he could be successful with a

13 degree in podiatric medicine, he applied and did not realize the shortage of available

14 residency placements.  Plaintiff claims the College was improperly admitting more

15 students than the number of available residency placements.  Therefore, he filed suit

16 in Illinois Circuit Court against the College.  After the Circuit Court granted the

17 defendant's motion to dismiss with prejudice, (Dkt. No. 1-2 at 29), Plaintiff appealed

18 to the Appellate Court of Illinois. (Dkt. No. 1-2 at 16.) The Appellate Court of Illinois

19 affirmed the dismissal with prejudice as to all counts with a modification that the

20 dismissal of count II as to the fraudulent concealment of the fact that residencies in

21 podiatric medicine would not be available for all the graduates of the College podiatric

22 program be modified to be a dismissal without prejudice.  (Id. at 23.)  The case was

23 remanded for further proceedings on that claim only.  (Id.)  On May 24, 2016, it

24 appears that on remand, the Circuit Court, on motion, dismissed  the case without

25 prejudice, and Plaintiff was granted until June 22, 2016 to file an amended complaint

26 with a status hearing set for June 29, 2016. (Dkt. No. 1-2 at 64.)  Plaintiff seeks relief

27 in this Court because he alleges that the courts in Illinois have consistently shown him

28

_____

[2]Page numbers are based on the CM/ECF pagination.

1    direct animus.  (Dkt. No. 1 at 59.)

2        Under the Rooker-Feldman doctrine, a federal district court is prohibited from

3    exercising subject matter jurisdiction over a case that is "a de facto appeal from a state

4    court judgment."  Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004).  A

5    de facto appeal is when a federal plaintiff asserts "asserts as a legal wrong an allegedly

6    erroneous decision by a state court, and seeks relief from a state court judgment based

7    on that decision" and is barred by Rooker-Feldman.  Id. at 1140.  28 U.S.C. § 1257

8    grants jurisdiction to review a state court judgment in the United States Supreme Court.

9    See In re Gruntz, 202 F.3d 1074, 1078 (9th Cir. 2000) (en banc) ("Direct federal

10   appellate review of state court decisions must occur, if at all, in the Supreme Court.");

11   Maldando v. Harris, 370 F.3d 945, 949 (9th Cir. 2004) ("[F]ederal district court does

12   not have subject matter jurisdiction to hear a direct appeal from the final judgment of

13   a state court.").

14       First, it does not appear that a final judgment has been issued in the state court

15   as it appears the case is on remand and pending with the Circuit Court.  (Dkt. No. 1-32

16   at 64.)  Therefore, any relief Plaintiff seeks must be raised with the Illinois state court.

17   See generally Illinois Supreme Court Rules 306, 307.

18       Moreover, even if there was a final judgment, this Court does not have subject

19   matter jurisdiction over the case because Plaintiff is challenging the rulings of the

20   Illinois state trial and appellate courts by asking the Court to vacate both orders.  He

21   argues that the two state court judges acted without authority, are not "authorized

22   independent judges", and therefore their orders are void.  Because Plaintiff is

23   challenging allegedly erroneous decisions by a state court, Plaintiff's complaint would

24   be barred by the Rooker-Feldman doctrine.

25       Accordingly, the Court DISMISSES Plaintiff's complaint for  lack of subject

26   matter jurisdiction.

27                              **Conclusion**

28       Based on the above, the Court GRANTS Plaintiff's motion to proceed IFP and

*sua sponte* DISMISSES Plaintiff's complaint for lack of subject matter jurisdiction.

　　　IT IS SO ORDERED.

DATED:  June 23, 2016

HON. GONZALO P. CURIEL
United States District Judge